Keating, J.
(dissenting). I cannot agree with a rule which, to state it essentially, permits the prosecution to use statements on cross-examination to impeach the defendant’s credibility, where the same statements could not be used on the People’s direct case.
Statements so taken from a defendant after he has requested access to counsel are inadmissible under the rules laid down in Escobedo v. Illinois (378 U. S. 478) and People v. Donovan (13 N Y 2d 148).
Needless to say, the statements were not introduced by the prosecution for the purpose of exculpating the defendant. On the contrary, they were used to impeach him and to establish the unreliability of his testimony. They were, therefore, incul-patory in a very real sense. The proof, indeed, was not a confession, but it was taken in violation of defendant’s right to counsel and privilege against self incrimination. Incriminating, it was and it should have been excluded.
The Supreme Court has recently addressed itself to this precise question in Miranda v. Arizona (384 U. S. 436, 476), The Supreme Court said: “No distinction can be drawn between statements which are direct confessions and statements which amount to ‘ admissions ’ of part or all of an offense. *324 The privilege against self-incrimination protects the individual from being compelled to incriminate himself in any manner; it does not distinguish degrees of incrimination. Similarly, for precisely the same reason, no distinction may be drawn between inculpatory statements and statements alleged to be merely ‘ exculpatory.’ If a statement made were in fact truly exculpatory it would, of course, never be used by the prosecution. In fact, statements intended to be exculpatory by the defendant are often used to impeach his testimony at trial or to demonstrate untruths in the statement given under interrogation and thus to prove guilt by implication. These statements are incriminating in any meaningful sense of the word and may not be used without the full warnings and effective waiver required for any other statement. In Escobedo itself, the defendant fully intended his accusation of another as the slayer to be exculpatory as to himself” (emphasis added).
This language adequately disposes of any distinction between statements used on direct as opposed to cross-examination. An incriminating statement is as incriminating when used to impeach credibility as it is when used as direct proof of guilt and no constitutional distinction can legitimately be drawn.
The language of the Supreme Court, already quoted, makes the rule of Walder v. United States (347 U. S. 62) of doubtful validity.
I am, therefore, of the view that the judgment of conviction must be reversed.
Chief Judge Desmohd and Judges VaN Voobhis, Btjbke, Scileppi and BebgaN concur in Per Curiam opinion; Judge KeatiNg dissents in an opinion in which Judge Fuld concurs.
Upon reargument: Judgment affirmed.